UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM YOUNG,

Plaintiff,

v.

DANNY J. SAVOIE and
ELIZABETH HERTEL,

Defendants.
_______________________________/

Case No. 25-14135

Susan K. DeClercq
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**REPORT AND RECOMMENATION ON DEFENDANTS' MOTION TO DISMISS (ECF No. 5)**

Pending before the Court is Defendants Danny J. Savoie and Elizabeth Hertel's *Motion to Dismiss* (ECF No. 5) and Plaintiff Kim Young's *Motion for Leave to File Supplemental Exhibits* (ECF No. 13). Plaintiff Kim Young filed this pro se 42 U.S.C. § 1983 action on December 23, 2025, against Defendants Elizabeth Hertel and Danny J. Savoie, for alleged retaliation following her public advocacy for matters of public concern. (ECF No. 1). On January 28, 2026, the District Judge referred all pretrial matters to the undersigned. (ECF No. 8). On January 26, 2026, Defendants moved to dismiss the complaint. (ECF No. 5). The motion is fully briefed and ripe for report and recommendation. (ECF Nos. 5, 10–11, 13, 16–19).

## I. FACTUAL BACKGROUND

Plaintiff brings this First Amendment retaliation action against the Director of the Michigan Department of Health and Human Services ("MDHHS") Elizabeth Hertel and the former District Manager of the MDHHS Clio Road Office Danny J. Savoie. (ECF No. 1, PageID.2, ¶¶ 7–8). Plaintiff is a former employee of MDHHS and was assigned to the Clio Road Office in Flint, Michigan. (*Id.* at ¶ 6). In November 2017, Plaintiff filed an internal complaint regarding alleged caseworker misconduct, retaliation, and threats directed toward MDHHS clients. (*Id.* at ¶ 9). Plaintiff subsequently filed a union grievance in early 2018 for alleged failure to deliver services and "barriers to meaningful access" for Flint residents. (*Id.* at ¶ 10). Plaintiff states that these efforts did not result in corrective action; however, Plaintiff's Complaint inconsistently states that she was issued a reprimand in 2017. (*Id.* at PageID.3, ¶¶ 12, 19). Plaintiff alleges that MDHHS was implementing its "Universal Caseload ("UCL") model," which reduced in-person assistance in favor of a remote and phone-based system. (*Id.* at ¶ 11). Plaintiff alleges that this type of system often fails vulnerable populations, yet her complaints and grievance did not result in corrective action. (*Id.* at ¶¶ 11–12).

As a result of internal reporting being ineffective, in March 2018, Plaintiff "supported a public billboard displaying the MDHHS complaint hotline to assist Flint residents in accessing oversight and accountability mechanisms." (*Id.* at ¶

13). Plaintiff asserts she acted as a private citizen and that her public advocacy addressed a matter of public concern, that is, "access to public benefits, treatment of vulnerable residents, and government transparency." (*Id.* at ¶¶ 14–15). In May 2019, MDHHS issued Plaintiff a three-day suspension and "related disciplinary actions arising from her involvement in the billboard and related advocacy." (*Id.* at ¶ 16). Plaintiff alleges that MDHHS disciplinary materials characterize her conduct as "whistleblower-type" activity and acknowledged that it fell outside of her job duties. (*Id.* at ¶ 18). In recent developments, the former MDHHS director "issued a statewide bulletin acknowledging deficiencies in the UCL model," which Plaintiff believes confirmed that her concerns were valid, but she noted that as of the filing of her Complaint, the Clio Road Office continued to operate with systemic deficiencies that affected Flint residents. (*Id.* at PageID.3–4, ¶ 20–21).

Plaintiff seeks: 1) prospective injunctive relief prohibiting MDHHS from retaliating against employees for engaging in protected First Amendment activity; 2) "equitable and structural relief" to prevent MDHHS's systemic practices that harm Flint residents; 3) recognize the constitutional violations of similarly situated individuals to allow Plaintiff to seek class certification upon securing counsel; and 4) Plaintiff seeks no monetary damages for herself, "only declaratory, equitable, and prospective relief." (*Id.* at PageID.5).

## II. LEGAL STANDARD

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd. P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

The Court holds pro se complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may

the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dep't*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.); *see also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

## III. ANALYSIS

On January 26, 2026, Defendants filed the instant motion to dismiss. (ECF No. 5). Defendants state that Plaintiff's Complaint "is difficult to decipher," but stems from her employment at MDHHS. (ECF No. 5, PageID.47). They contend that Plaintiff's Complaint should be dismissed because she fails to allege a viable claim, her claims are barred by statute of limitations, her official capacity claims are barred by the Eleventh Amendment, and she fails to state a retaliation claim under the First Amendment. (*Id.* at PageID.56–66).

On February 10, 2026, Plaintiff filed her response to Defendants' motion to dismiss. (ECF No. 10). Beginning on April 16, 2026, Plaintiff began filing near-weekly supplemental filings, including a motion to file supplemental exhibits, a response to Defendant's statute of limitations argument, a revised response brief,

and a notice of supplemental authority.[1] (ECF Nos. 13, 17–19). Among these filings Plaintiff responds to the arguments asserted by Defendants in their motion, seeks to attach additional exhibits to her Complaint that she claims are central to her First Amendment retaliation claim and show that disciplinary action was taken against her as a direct result of her protected speech, and add facts to clarify the allegations in her Complaint. (*Id.*).

Defendants replied that Plaintiff is attempting to amend her Complaint through her response brief by adding new factual allegations that are not present in her Complaint. (ECF No. 11, PageID.83–84). Defendants assert that Rule 12(b)(6) tests the sufficiency of the pleadings not arguments raised in briefing and the Court should disregard her additional assertions. (*Id.*). Defendants also reiterate that Plaintiff has failed to overcome the fact that her claims are barred by the applicable statute of limitations and she has failed to state a First Amendment retaliation claim. (*Id.* at PageID.84–87).

[1] Following the filing of Plaintiff's Notice of Supplemental Authority, on May 14, 2026, the Clerk's Office issued a Notice of Failure to Comply with Local Rule 5.1.1, and indicated while the document filed will be accepted, "future filings **must comply with the local rule**," and additional violations may result in sanctions. (ECF No. 20) (emphasis in original). "Unless the Court permits otherwise, each motion and response to a motion must be accompanied by a **single** brief." E.D. Mich. L.R. 7.1(d)(1)(A) (emphasis added). While Plaintiff did seek leave of Court to file supplemental exhibits to her Complaint, she did not seek leave of court for any of her other three filings. Plaintiff is cautioned that going forward, any such filings will be stricken from the record.

Generally, courts are limited to the facts and legal claims as raised in the pleadings; as a result, new facts asserted in a plaintiff's response to a motion to dismiss are not part of the lawsuit and the court should not consider them. *See Johnson v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 502 F. App'x 523, 541–42 (6th Cir. 2012) (citing Moore's Federal Practice § 12.34 ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).")); *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 521 (6th Cir. 2008) ("Ordinarily, when the omission of a critical allegation in a complaint is highlighted by a defendant's motion to dismiss, the appropriate method for adding new factual allegations is to request leave to amend the complaint in conjunction with responding to the motion to dismiss."). On the other hand, some courts in this Circuit elect to consider the additional information as a supplement to the complaint when the plaintiff is proceeding pro se. *See Coleman v. Gullet*, Civ. Act. No. 12-10099, 2012 WL 5986779, at *11 (E.D. Mich. Sept. 4, 2012), *report and recommendation adopted*, 2012 WL 5986679 (E.D. Mich. Nov. 29, 2012) (construing pro se plaintiff's allegations in response brief as a supplement to the complaint); *Dimov v. EMC Mortg. Corp.*, No. 1:09-CV-211, 2010 WL 2506717, at *1 nn.1–2 (E.D. Tenn. June 17, 2010) ("In his response to [Defendant's] motion to dismiss, Plaintiff supplemented factual allegations in the complaint with some

additional details. . . . As discussed below, given the liberal pleading standard in cases filed pro se, the Court will consider these additional factual allegations and construe them, along with the amended complaint, in the light most favorable to Plaintiff.”).

It is clear that Plaintiff is attempting to cure the deficiencies in her Complaint in her response to Defendants’ motion to dismiss and numerous supplemental filings, a fact that even Defendants recognize. (*See* ECF No. 11, PageID.83–84). In this Court, new claims raised in a response brief may be treated as an implicit motion for leave to amend the complaint in some cases. *See Cruz v. Capital One, N.A.*, 192 F. Supp. 3d 832, 839 (E.D. Mich. 2016) (quoting *JAT, Inc. v. Nat’l City Bank of Midwest*, 460 F. Supp. 2d 812, 818 (E.D. Mich. 2006)) (“The Sixth Circuit, in the context of summary judgment, has ‘treated legal theories first raised in the plaintiff’s response . . . as an implicit motion to amend the complaint when all of the relevant facts had been previously pled.’”) (internal quotation omitted). Both the *Cruz* and *JAT* Courts transposed this “implicit motion to amend” language to motions to dismiss. *See Cruz*, 192 F. Supp. 3d at 839; *JAT, Inc.*, 460 F. Supp. 2d at 818; *see also Randolph v. Cong. Collection LLC*, No. 20-12146, 2021 WL 364256, at *1 (E.D. Mich. Feb. 3, 2021). Mindful that the “court should freely give leave [to amend] when justice so requires,” Fed. R. Civ. P. 15(a)(2), the undersigned finds that Plaintiff should be granted leave to amend to

properly plead the supporting facts and clarify the allegations lodged against each Defendant and so Defendants may adequately respond to the merits of that claim.

Considering that Plaintiff is proceeding pro se, she has not previously requested to amend her complaint, she is not attempting to plead a new cause of action against Defendants, and as she is merely providing more support to her initial pleading, the undersigned is inclined to construe Plaintiff's response as an implicit motion to amend under these circumstances. *JAT, Inc.*, 460 F. Supp. 2d at 818. Accordingly, the undersigned recommends that Plaintiff be given a chance to amend her complaint in compliance with the Federal Rules of Civil Procedure, as well as address any deficiencies presented in Defendants' motion and reply brief (ECF Nos. 5 and 11). And without expressing any view on whether the new facts and allegations provided by Plaintiff cure the purported deficiencies claimed in Defendants' motion to dismiss, the motion to dismiss is due to be denied without prejudice as moot.

Plaintiff is cautioned that her amended complaint is required to comply with Federal Rules of Civil Procedure. In accordance with Rule 8(a), plaintiff's first amended complaint must clearly set forth, among other things, (1) the identification of each defendant; (2) a statement of jurisdiction, such as 28 U.S.C. §§ 1331 ("Federal question") or 28 U.S.C. § 1332 ("Diversity of citizenship; amount in controversy; costs"); (3) a statement of facts applicable to each claim

and defendant; (4) delineated causes of action, including names of the defendant(s) against whom the counts are brought and the legal bases (statutory or otherwise) for the causes of action; (5) and a claim for relief.

The Plaintiff shall conform her claims to the pleading requirements setting forth each claim individually, the facts necessary to support the claims against each defendant, and the relief/damages sought against each defendant. The Plaintiff is *cautioned* that this is her chance to properly articulate her claims, and her failure to remedy the defects may result in dismissal of the case with prejudice against one or more Defendants.

Apart from the Federal Rules of Civil Procedure, Plaintiff's amended pleading must also comply with the Local Rules of this Court and the undersigned's practice guidelines, both of which require the amended pleading to be produced in its entirety and disallow the incorporation of "any prior pleading by reference." E.D. Mich. L.R. 15.1; United States Magistrate Judge Curtis Ivy, Jr.'s Practice Guidelines.[2]

## IV. RECOMMENDATION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that Plaintiff's response brief and supplemental filings (ECF Nos. 10, 13, 17–19) be construed as a motion to amend and that the motion to amend be **GRANTED**.

[2] Both can be found by visiting: https://www.mied.uscourts.gov/index.cfm

Plaintiff should receive enough time as the District Judge deems necessary to submit an amended pleading. It is further **RECOMMENDED** that Defendants' *Motion to Dismiss* (ECF No. 5) be **DENIED**, without prejudice, as moot; and Plaintiff's *Motion for Leave to File Supplemental Exhibits* (ECF No. 13) be **DENIED** as moot.

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections lack merit, it may rule without awaiting the response.

Date: June 30, 2026.

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on the June 30, 2026, by electronic means and/or ordinary mail.

s/Sara Krause
Case Manager
(810) 341-7850